**TIGERA GROUP, INC., a Delaware corporation, Plaintiff,**

v.

**COMMERCE AND INDUSTRY INSURANCE COMPANY, a New York corporation, Defendant.**

**No. C–89–1676 JPV.**

United States District Court,
N.D. California.

Jan. 7, 1991.

Jonathan C. Dickey, Steven S. Shupe, Brobeck, Phleger & Harrison, San Francisco, Cal., for plaintiff.

William H. Staples, Harry C. Gilbert, Capps, Staples, Ward, Hastings & Dodson, Walnut Creek, Cal., for defendant.

OPINION AND AMENDED ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

VUKASIN, District Judge.

## INTRODUCTION

Cross Motions for Summary Judgment were scheduled to be heard on April 26, 1990. After a review of the briefs, this court considered it appropriate to submit

---

the motion on the pleadings pursuant to Local Rule 220-1, and by Order dated May 11, 1990, GRANTED Defendant's Motion for Summary Judgment and DENIED plaintiff's Motion for Partial Summary Judgment. This Amended Order, which reaches the same result, supersedes the Order dated May 11, 1990.

## BACKGROUND

Defendant, Commerce and Industry Insurance Company ("Commerce"), issued to Fortune Systems Corporation ("Fortune"), a computer software manufacturer, a comprehensive general liability policy for the policy period of March 2, 1986 to March 2, 1987. Plaintiff, Tigera Group, Inc. ("Tigera") is Fortune's successor in interest.

The insurance policy required Commerce to indemnify and defend Fortune in actions alleging "advertising injury". The policy defined "advertising injury" as:

"Injury arising out of an offense committed during the policy period occurring in the course of the named insured's advertising activities, if such injury arises out of libel, slander, defamation, violation of right of privacy, piracy, *unfair competition*, or infringement of copyright, title or slogan." (emphasis added).

In the summer of 1988, two of Tigera's "master dealers" or distributors, Computer Sales Company ("CSC") and Lars Runquist ("Runquist"), filed suit against Tigera in California and Connecticut state courts. These actions essentially alleged that Tigera made misrepresentations to CSC and Runquist in the course of negotiating certain "master dealer" or distributor contracts. Tigera tendered the defense of these actions to Commerce, which rejected defense and denied coverage.

On May 15, 1989, Tigera filed in this court its complaint for declaratory relief and for damages for breach of contract and for bad faith. The parties subsequently agreed to sever the bad faith and breach of contract causes of action so that the court could first address the claim for declaratory relief.

## DISCUSSION

### 1. Standard for Summary Judgement.

Summary judgment should be granted where it is shown that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In *Celotex*, the Supreme Court made it clear that summary judgment, when appropriate, is a favored method of resolution, and that:

summary judgment is mandated, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

In addition, the Court emphasized in *Anderson* that, under Fed.R.Civ.P. 56(e), "when a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511.

### 2. Unfair Competition.

The parties' coverage dispute centers on the meaning of the phrase "unfair competition" as it is used in the Commerce policy.

Section 17200 of the California Business and Professions Code defines "unfair competition" as any "unlawful, unfair, or fraudulent business practice and unfair, deceptive, untrue or misleading advertising." The CSC and Runquist suits allege that Tigera engaged in fraudulent business practices. Tigera contends that the section 17200 definition should be used here to determine the meaning of the phrase "unfair competition" in the Commerce policy. Therefore, Tigera claims that Commerce is obligated to defend and indemnify them in those suits.

Tigera further argues that the statutory definition of "unfair competition," at a minimum, renders the phrase, as used in the insurance policy, ambiguous, and therefore, it should be construed in favor of the insured.

Commerce claims that, under the common law there must be competition or "rivalry" between the parties for an injury to arise out of "unfair competition." *See, Globe Indem. Co. v. First American State Bank,* 720 F.Supp. 853 (W.D.Wash.1989). In a similar case, *Ruder & Finn, Inc. v. Seaboard Surety Co.,* 52 N.Y.2d 663, 439 N.Y.S.2d 858, 422 N.E.2d 518 (1981), the court stated:

> We believe that, the insurer's position accurately reflects the long-abiding state of the law on the subject. Even the cases on which the insured relies for its broad-range definition of unfair competition accepts the principle of misappropriation of another commercial advantage as a cornerstone of the tort. It follows that the policy's phrase 'unfair competition' is not to be equated with the far more amorphous term 'commercial unfairness.'

*Id.* 439 N.Y.S.2d at p. 862, 422 N.E.2d at p. 522 (citations omitted); *See also: Pine Top Insurance Co. v. Public Utility Dist. No. 1,* 676 F.Supp. 212 (E.D.Wash.1987).

This issue was recently before this court in *Westfield Insurance Co. v. TWT, Inc.,* 723 F.Supp. 492 (N.D.Cal.1989). In that declaratory relief action, the insured argued that California courts have read the state's unfair competition statute broadly enough to redress any fraudulent business practice or consumer fraud, and therefore the language should be read broadly in insurance contracts. Judge Legge disagreed, stating, "courts have retained the more restrictive common law meaning of unfair competition in the interpretation of insurance policies, even when the term in a

state statute has been interpreted more expansively. [citations]" *Id.* at p. 496.[1]

Commerce argues that in the present action the underlying law suits against Tigera were not filed by its competitors but rather by its business partners—distributors CSC and Runquist. Thus, absent the element of rivalry or competition, there can be no "unfair competition" and therefore, Commerce contends it is under no duty.

This court agrees with Commerce's position. There is no indication that the purpose of consumer protection language in California Business and Professions Code section 17200 was to overrule the common law definition of "unfair competition" as that phrase is used in insurance policies. For example, in *People v. Casa Blanca Convalescent Homes,* 159 Cal.App.3d 509, 530, 206 Cal.Rptr. 164 (1984), the court concluded that an "unfair" business practice under section 17200 "occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." While that definition may apply to disputes between purveyors and consumers it would be inappropriate to apply so broad a definition to the phrase as it is used in insurance policies. The phrase "unfair competition" as used in the Commerce policy can not be construed to cover the entire range of activities encompassed by section 17200. This court also rejects Tigera's argument that the phrase "unfair competition" as used in the policy is ambiguous. It is clear that in the context of Commerce's policy, the definition of "unfair competition" should not be construed to include offenses, such as those at issue in the CSC and Runquist suits, that are within the "consumer protection aura" of unfair business practices. *See, Globe Indem. Co. v. First American State Bank, supra,* at 857. Absent the

---

1. The California Supreme Court has not decided this issue. However, in *Bank of the West v. Superior Court,* 225 Cal.App.3d 121, 275 Cal. Rptr. 39 (1990), the Court of Appeals, in a well-reasoned, but expansive opinion, liberally construed the phrase "unfair competition" as used in insurance policies. This court, is not bound

by intermediate appellate decisions, Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction Section 4507, vol. 19, pp. 94–95, and is not inclined sua sponte to modify deeply rooted and well established common law.

element of competition, there can not be "unfair" competition.

Because the underlying suits filed against Tigera do not allege "unfair competition," Commerce does not have a duty to defend and indemnify Tigera in those suits.

## ORDER

In accordance with the foregoing discussion this court hereby GRANTS defendant Commerce's Motion for Summary Judgment and DENIES plaintiff's Motion for Partial Summary Judgment.

IT IS SO ORDERED.